IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON ) <br> F/K/A THE BANK OF NEW YORK, AS ) <br> TRUSTEE FOR THE CERTIFICATE ) <br> HOLDERS OF CWABS, INC., ASSET- ) <br> BACKED CERTIFICATES, SERIES 2006-7, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARLA J. MCSMITH, ROBERT D. ) <br> MCSMITH, US BANK NATIONAL ) <br> ASSOCIATION, AS TRUSTEE FOR ) <br> THE C-BASS MORTGAGE LOAN ) <br> ASSET-BACKED CERTIFICATES, SERIES ) <br> 2006-DL1, WITHOUT RECOURSE, STATE ) <br> OF ILLINOIS DEPARTMENT OF ) <br> EMPLOYMENT SECURITY, UNITED ) <br> STATES OF AMERICA, BENEFICIAL ) <br> ILLINOIS, INC., D/B/A BENEFICIAL ) <br> MORTGAGE COMPANY OF ILLINOIS, ) <br> CITIBANK (SOUTH DAKOTA), N.A., ) <br> ) <br> Defendants. ) | Case No.  3:11-cv-00972-JPG-DGW |

**PROTECTIVE ORDER**

Pending before the Court is Plaintiff's unopposed Motion for Protective Order (Doc. 10). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is  good cause to enter an order protecting the production of the personal information relating to Carla J. McSmith and Robert D. McSmith's financial records.  Wherefore, the Court hereby **GRANTS** Plaintiff's unopposed Motion for Protective Order (Doc. 23).  The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

**IT IS HEREBY ORDERED:**

1. This Protective Order shall govern documents produced pursuant to settlement discussions or pursuant to discovery requests by either party (the "Subject Documents" or "Confidential Information") in this matter that are deemed by either party to be confidential.

2. The Subject Documents shall bear the following legend on the face of the document: "CONFIDENTIAL."

3. The Subject Documents shall be deemed confidential. The Subject Documents shall not be deemed confidential to the extent that the information contained in them is public information or may be discerned through public sources.

4. "CONFIDENTIAL" material shall only be used for purposes of and during the course of this litigation, and shall be disclosed only to:

   A. counsel for the receiving party and any attorney or support staff within his or her law firm;

   B. deposition notaries and their staffs;

   C. stenographic, paralegal, clerical and other employees of counsel for the receiving party;

   D. independent experts who are employed or consulted by the receiving party or counsel in this action;

   E. deponents or other potential witnesses if the material is relevant to the deponents' or witnesses' testimony;

   F. third party contractors retained by one of the parties and involved solely in one or more aspects of organizing, filing, coding, converting, photocopying, storing or retrieving data and/or designing programs for handling data connected with this action; and

   G. the parties to this litigation,

   H. the Court.

5. "CONFIDENTIAL" material may be disclosed to experts pursuant to paragraph 4(d) above only upon compliance with the following requirements:

   A. Each expert shall first be advised by the attorney making the disclosure that, pursuant to this Protective Order, the expert may not divulge any such material to any other person except in the preparation for trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of "CONFIDENTIAL" material under this Order.

   B. The attorney shall secure from each expert an affidavit that he has read this Protective Order and understands that, pursuant to its terms, he may not, and will not, divulge any such material except in the preparation for trial of this action, and that he will not use the material for any other purpose. The affidavit shall be retained by counsel disclosing such material and securing such affidavit. All such material produced thereunder is subject to the provisions of paragraph 14 of this Order.

6. "CONFIDENTIAL" material may be disclosed to deponents or potential witnesses pursuant to paragraph 4(E) if: (1) the attorney making the disclosure first advises the deponent or witness that, pursuant to this Protective Order, the deponent or witness may not divulge such material to any other person not described in paragraph 4 hereof, and (2) the material is not left in the possession of the deponent or witness after the completion of the deponent's or witness's role in this litigation, unless the deponent or witness otherwise qualifies for access to such material pursuant to paragraph 4 of this Protective Order. The requirements of this paragraph 6 do not apply if the deponent or witness is the party (or an employee of the party) that designated the materials as "CONFIDENTIAL."

7. With respect to the Subject Documents, and each copy thereof, the legend "CONFIDENTIAL" shall be affixed to such documents at the time such documents are copied for production, or as soon thereafter as possible after the entry of this order. It will be incumbent upon the party designating such confidential documents to mark them "CONFIDENTIAL," unless such documents have already been produced subject to the entry of this order, in which

3

case the receiving party shall either mark the documents as "CONFIDENTIAL" or shall allow the party designating such confidential documents to do so.

8. Portion of deposition transcripts referring or relating to the Subject Documents may be designated "CONFIDENTIAL" either: (a) during the deposition; or (b) within 30 days after the reporter sends written notice to the deponent or his counsel that the transcript is available for review. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending the expiration of 30 days after a deposition transcript is received by the deponent or his counsel, all parties shall treat the deposition as if it has been designated "CONFIDENTIAL." The designating party shall have the right to have all persons, except the deponent and his counsel, outside counsel of record for named parties, the court reporter, and such other persons as are described in paragraph 4 hereof, excluded from a deposition, or any portion thereof, before the taking therein of testimony which the designated party designates under this Order.

9. Upon motion of a party, the Court may alter the status of any document under this Protective Order if the Court finds that such alteration is necessary for purposes of conducting this litigation. Documents shall continue to have "CONFIDENTIAL" status as determined by the producing party during the pendency of such dispute.

10. No copies of "CONFIDENTIAL" material shall be made except by or on behalf of counsel in this action. Any attorneys making copies of such material shall maintain all copies either within their possession or within the possession of those entitled to access to such documents under this Protective Order, under the terms as provided for such access herein.

11. In the event that any "CONFIDENTIAL" material is included or disclosed in any pleadings, motion, deposition transcript, or other paper filed with the Clerk of this Court, such material shall be kept under seal by the Clerk until further order of this Court; provided, however, that the papers shall be furnished to the Court and counsel for the parties, and a duplicate copy with the "CONFIDENTIAL" material deleted may be placed in the public record.

12. The termination of proceedings in this action shall not relieve the persons described in paragraph 4 above from the obligation of maintaining the confidentiality of all "CONFIDENTIAL" information received pursuant to this Order, unless the Court orders otherwise. Upon termination of the proceedings, the parties who designated the material herein "CONFIDENTIAL" may request the return to them of all such material which the producing party designated as "CONFIDENTIAL," and any copies thereof. Return or destruction of such material shall be completed with 30 days following the conclusion of this litigation. The party or non-party to whom the Subject Documents are produced shall bear the reasonable expenses associated with their return. With the exception of counsel in this action, each person or party to whom the Subject Documents have been furnished or produced, and who shall have generated documents containing such "CONFIDENTIAL" material, shall be obligated to return such material or generated documents, except that in lieu of returning the same to the party who produced them, the receiving party may destroy them if it certifies, in writing, that it has destroyed all copies of such material that is in its possession. Counsel in this action may, in their discretion, retain in their possession, under strict confidentiality, discovery material designated as "CONFIDENTIAL," and any copies thereof.

13. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his client and, in the course thereof, relying on his examination of

information designated "CONFIDENTIAL." This Protective Order shall not apply to any ruling rendered by the Court unless so indicated by the Court.

14. The entry of this Protective Order shall not limit in any way the evidence or order of proof of any party at any hearing, arbitration, trial, or appeal in this matter. In the event that any "CONFIDENTIAL" material is used in any hearing, arbitration, trial, appeal, or other court proceeding in this matter, said "CONFIDENTIAL" material shall not lose its status as "CONFIDENTIAL" through such use.

15. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order including, but not limited to additional protection with respect to the confidentiality of documents or other material.

**IT IS SO ORDERED.**

**DATED: March 2, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**