IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a The Bank Of New York, As Trustee For The Certificate Holders Of Cwabs, Inc., Asset-Backed Certificates, Series 2006-7,<br><br>    Plaintiff,<br>vs.<br><br>CARLA J. MCSMITH, ROBERT D. MCSMITH, US BANK NATIONAL ASSOCIATION, As Trustee For The C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, STATE OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, UNITED STATES OF AMERICA, BENEFICIAL ILLINOIS, INC., d/b/a Beneficial Mortgage Company Of Illinois, CITIBANK (SOUTH DAKOTA), N.A., UNKNOWN TENANTS, UNKNOWN OWNERS and NON-RECORD CLAIMANTS,<br><br>    Defendant(s). | CIVIL NO. 11-cv-972 JPG DGW |

## JUDGMENT OF FORECLOSURE AND ORDER OF SALE

THIS matter is before the Court on a Complaint to Foreclose Mortgage filed by the Plaintiff, THE BANK OF NEW YORK MELLON f/k/a The Bank Of New York, As Trustee For The Certificate Holders Of Cwabs, Inc., Asset-Backed Certificates, Series 2006-7 ("BONY"), against Defendants CARLA J. MCSMITH, ROBERT D. MCSMITH, US BANK NATIONAL ASSOCIATION, As Trustee For The C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, STATE OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, UNITED STATES OF AMERICA, By Virtue Of Federal Tax Liens Recorded As Document Numbers 228468, 2007R00305, 2008R01923, 2008R04951, 2011R02158, BENEFICIAL ILLINOIS, INC., d/b/a Beneficial Mortgage Company Of Illinois, and CITIBANK (SOUTH DAKOTA), N.A. (Doc. 3-2) and pursuant to Order setting a bench trial for February 25, 2013 (Doc. 40). The property at issue is located in Randolph County, Illinois, and is legally described as follows:

> LOT 22 IN BLOCK 7 IN CRESCENT LAKE SUBDIVISION IN THE VILLAGE OF STEELEVILLE, RANDOLPH COUNTY, ILLINOIS AS SHOWN BY PLAT FILED FOR RECORD ON DECEMBER

1

>9, 1964 AND RECORDED IN VOLUME "I" OF PLATS OF PAGE 4 IN THE RECORDER'S OFFICE, RANDOLPH COUNTY, ILLINOIS.
>
>SUBJECT TO BUILDING LINES AND UTILITY EASEMENTS AS SHOWN ON THE PLAT OF SAID SUBDIVISION.
>
>SUBJECT TO COVENANTS AND RESTRICTIONS DATED OCTOBER 31, 1964 AND RECORDED IN DECEMBER 9, 1964 IN BOOK 212 AT PAGE 1140, RECORDER'S OFFICE, RANDOLPH COUNTY, ILLINOIS.
>
>SAID CONVEYANCE IS FURTHER SUBJECT TO ALL RESTRICTIONS, EASEMENTS AND COVENANTS OF RECORD OR DISCLOSED BY INSPECTIONS AND THE LIEN OF THE 2004 AND SUBSEQUENT REAL ESTATE TAXES.
>
>THE PREPARER OF THIS DEED HAS MADE NO INVESTIGATION CONCERNING ANY POSSIBLE VIOLATIONS OF ANY ENVIRONMENTAL LAWS OR REGULATIONS INCLUDING, BUT NOT LIMITED TO, THE ILLINOIS RESPONSIBLE TRANSFER ACT AND ACCEPTS NO LIABILITY FOR ANY VIOLATIONS.

The common address of the property is 610 HILLANDALE DRIVE, STEELEVILLE, IL 62288, and the Permanent Tax Number is 17-069-014-00.

Plaintiff BONY has voluntarily dismissed the defendants designated as Unknown Tenants, Unknown Owners and Non-Record Claimants (Doc. 32). Plaintiff previously filed for entry of default against Defendants Carla J. McSmith, Robert D. McSmith, US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, State of Illinois Department of Employment Security, Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and CitiBank (South Dakota), N.A. (Doc. 33). The Clerk of the Court previously entered default as to Defendants Carla J. McSmith, Robert D. McSmith, US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, State of Illinois Department of Employment Security, Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and CitiBank (South Dakota), N.A. (Doc. 34). Plaintiff also filed motions for entry of Judgment of Foreclosure and Order of Sale (Docs. 30 & 43) and to appoint a Special Commissioner (Doc. 31). Concurrently with the entry of a default judgment, Plaintiff seeks a judgment of foreclosure and sale, including an award of its attorneys' fees, costs and

expenses, a determination of the priority of the parties' liens on the property, and an order fixing the mortgagors' final date to redeem the mortgage.

### 1. DEFAULT JUDGMENT

Defendants Carla J. McSmith, Robert D. McSmith, US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, State of Illinois Department of Employment Security, Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and CitiBank (South Dakota), N.A. failed to respond to the Complaint within the time required by law. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered default against those defendants (Doc. 34). Plaintiff BONY now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

Granting or denying default judgment is within the Court's sound discretion. Swaim v. Moltan Co., 73 F.3d 711, 716 (7th Cir. 1996). Entering a judgment by default against a party establishes that defendant's liability to the plaintiff for each claim alleged in the complaint as a matter of law. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.3d 1319, 1323 (7th Cir. 1983). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Id. at 1323. While the pleadings in a complaint are taken to be true upon the entering of a default judgment, allegations regarding damages are not automatically taken as true. In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). The court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Dundee Cement at 1323.

Under Illinois law, when a party does not submit a verified answer denying the facts in the complaint, then a "sworn verification of the complaint or a separate affidavit setting forth such fact is sufficient evidence thereof against such party and no further evidence of such fact shall be required." 735 ILCS 5/15-1506(a)(1). The Court may enter a judgment of foreclosure "upon motion supported by an

affidavit stating the amount which is due the mortgagee… where all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit." 735 ILCS 5/15-1506(a)(2).

In this case, Defendants Carla J. McSmith, Robert D. McSmith, US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, State of Illinois Department of Employment Security, Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and CitiBank (South Dakota), N.A. have all failed to participate in or defend against the foreclosure and pursuant to the terms of the note and mortgage, foreclosure and an award of all costs associated with BONY's foreclosure efforts is warranted.  Furthermore, the amount of damages is readily ascertainable from the terms of the note and mortgage, and the documentary evidence and affidavits on the record  (Doc. 3-2, Doc. 30-1, 30-2, 30-3).  Therefore, BONY's motion for entry of Judgment of Foreclosure and Order of Sale against Defendants Carla J. McSmith, Robert D. McSmith, US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1, without recourse, State of Illinois Department of Employment Security, Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, and CitiBank (South Dakota), N.A. (Doc. 30) is **GRANTED.**.

2. STIPULATION

Plaintiff and Defendant United States of America have stipulated to the amounts due pursuant to the note and mortgage attached to Plaintiff's Complaint (Doc. 3-2) and the Plaintiff's right to foreclose the federal tax liens recorded against the property by Defendant United States of America. (Doc. 42)  The Court has received affidavits and evidence from BONY in support of its Motion for Entry of Judgment of Foreclosure and Order of Sale (Doc. 30, 30-1, 30-2, 30-3).  The Court, being fully advised in the premises, finds that the United States of America has been duly and properly brought before the Court, all in the manner provided by law; that due and proper notice has been given to the United States of America and all other defendants during the progress of this cause as required by law.  Therefore, BONY's agreed motion for entry of Judgment of Foreclosure and Order of Sale against Defendant United

States of America (Doc. 43) is **GRANTED**.

3. <u>CONCLUSION</u>

For the reasons stated, the Court hereby **FINDS AS FOLLOWS:**

1. That the Court has jurisdiction of the parties to and the subject matter of this cause.

2. That all of the material allegations of the Complaint are true and proven against said Defendants, as demonstrated by the evidence submitted in support of Plaintiff's Motion for Entry of Judgment of Foreclosure and Order of Sale and the stipulation executed by Plaintiff and the United States of America. More specifically, BONY holds the original Note and Mortgage, and said documents have been properly assigned to BONY. Thus, BONY has standing to foreclose, and the mortgagors have defaulted pursuant to the terms of the Note. The Mortgage upon which this action is based was recorded in the office of the Randolph County Clerk and Recorder of Deeds on April 17, 2006, and is known as Document Number 226081; and that copies of the note and mortgage foreclosed have been and are attached to the Complaint.

3. That the material allegations of the Complaint filed herein are true and proven; that the equities of this cause are with the Plaintiff who is entitled to a Decree of Foreclosure in accordance with the prayer of the Complaint; and that there was, on the date the Plaintiff's Motion for Entry of Judgment of Foreclosure and Order of Sale was filed, due to Plaintiff upon the Note and Mortgage the amount of $136,822.22. This amount is set forth in Exhibits A, B and C to Plaintiff's Motion for Entry of Judgment of Foreclosure and Order of Sale and the stipulation executed by Plaintiff and the United States. Furthermore, Plaintiff has accrued and will continue to accrue fees and costs after the date it filed its Motion for Entry of Judgment of Foreclosure and Order of Sale, and Plaintiff is entitled to recoup those additional fees and costs, including per diem interest, from the proceeds of the judicial sale.

4. That under the provisions of said Mortgage herein sought to be foreclosed, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed and such expenses are hereby allowed to the Plaintiff.

5. That the Plaintiff's Mortgage is superior to all other served Defendants' liens, rights or claims upon the real estate, including but not limited to the federal tax liens held by the United States.

6. That in said Mortgage it is provided that the Attorneys for the Plaintiff are entitled to reasonable attorney's fees; that the sum of $18,365.33 reflects the fees and costs incurred up to the Plaintiff filing its Motion for Entry of Judgment of Foreclosure and Order of Sale and that this sum has been included in the above indebtedness as aforesaid attorney's fees and court costs as provided in the Mortgage, that said sum is the usual, customary and reasonable charge made by attorneys in like cases; that said sum shall be retained by the Attorneys for the Plaintiff and that said sum is hereby allowed. Plaintiff may continue to accrue attorneys' fees and costs until the foreclosure sale; Plaintiff may recoup any such fees and costs, along with all other losses and amounts due and owing under the Note and Mortgage, from the proceeds of the sale.

7. That this Court finds that the subject property is residential property pursuant to 735 ILCS 5/15-1219.  The redemption period shall expire seven months from the date the last mortgagor was served or three months from the entry of this order, whichever date is later.

8. The Court further finds that the United States of America has properly recorded Notices of Federal Tax Liens against the subject property.  The Court further finds that the United States has a valid and subsisting lien, subordinate only to Plaintiff's lien, proper advances and the cost of the sale.  As of November 25, 2011 the amount of the United State's lien was $61,321.64.  This lien shall be paid from surplus finds, if any, derived from the sale of the subject property as set forth below.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that if the property is not redeemed according to law, upon expiration of the statutory period of redemption on *June 3, 2013*, a

Special Commissioner's Sale or other Judicial Sale shall be held and the Plaintiff herein, or his successor in interest, or assigns, shall be entitled to a Special Commissioner's Deed or other Judicial Deed conveying the subject premises.

**IT IS FURTHER ORDER THAT** the Motion for Appointment of Special Commissioner (Doc. 31) is **GRANTED** and the **Judicial Sales Corporation**, 1 South Wacker Drive, Chicago, Illinois 60606, is hereby appointed Special Commissioner for the purpose of the sale by public auction of the property that is the subject matter of this action, pursuant to the Judgment of Foreclosure and Order of Sale entered herein.

**IT IS FURTHER ORDERED** that unless the Defendants in this cause, or any one of them, within the period of redemption, pay or cause to be paid to Plaintiff the amount required to redeem, the premises hereinafter and in said Complaint described, or so much thereof as may be necessary to pay the amounts found to be due to the Plaintiff, with interest thereon and the costs aforesaid, and which may be sold separately without material injury to the parties in interest, be sold at public venue, upon the expiration of the redemption period as aforesaid, to the highest bidder for cash, by the Special Commissioner, at the Randolph County Courthouse, located at 1 TAYLOR STREET, CHESTER, IL 62233, or as otherwise designated by the Special Commissioner, and that the Special Commissioner give public notice of the time, place and date of such Sale by publishing the same at least once a week for three (3) consecutive weeks in some secular newspaper of general circulation published in the County of Randolph, and State of Illinois; that the Plaintiff or any of the parties to this cause may become purchasers at such Sale, and that the Plaintiff may bid the amount of its Judgment in lieu of cash at said Sale; that the Special Commissioner may, in its discretion, for good cause, adjourn or continue the Sale so advertised by oral proclamation and without further publication; that upon said Sale being made, the Special Commissioner shall execute and deliver to the purchaser or purchasers a Certificate of Sale evidencing such purchase and describing the premises purchased and the amount paid therefore, of, if purchased by the Plaintiff, the amount of its bid and the time when such purchaser or purchasers will be entitled to a Deed to said premises, and within ten

(10) days from the date of Sale, he may file a duplicate of such Certificate in the office of the RANDOLPH COUNTY CLERK AND RECORDER OF DEEDS.

**IT IS FURTHER ORDERED** that the Special Commissioner, out of the proceeds of such Sale, shall retain its fee, disbursements and commissions herein and pay to the Officers of this Court their costs in this cause, and out of the remainder, pay to the Plaintiff its otherwise unreimbursed costs to be incurred subsequent to the entry of this Decree in connection with this foreclosure Sale and perfection of the Certificate of Sale thereunder; and also out of the remainder, pay to the Plaintiff the amount by this Decree found to be due to said Plaintiff, with interest thereon at the rate of nine (9) percent per annum from the date of this Decree to the date of Sale, and if such remainder shall be more than sufficient to pay the aforesaid amounts, that it bring such surplus into the Court to abide the further Order of said Court, and that it take receipts from the respective parties to whom it might have made payment as aforesaid and file the same with his Report of Sale with the Court.

**IT IS FURTHER ORDERED** that if the Plaintiff shall pay any real estate taxes, assessments or any other advances, either pursuant to the security instrument or note or pursuant to statute, as may be equitable, with respect to the property foreclosed herein during the period of redemption, the sum paid, plus statutory interest therefrom from the date of payment, shall be added to the sum outstanding subsequent to Judgment and prior to Sale or the Defendants' statutory special rights of redemption, plus any additional reasonable attorney's fees incurred.

**IT IS FURTHER ORDERED** that should the real estate be improved with a manufactured or mobile home, it is found that the improvement has been permanently affixed to the real estate and deemed to be real estate, transferable hereunder at any forthcoming Special Commissioner's Sale without transfer of any title.

**IT IS FURTHER ORDERED** that upon the expiration of the time specified by 735 ILCS 5/15-1603, if the premises are not redeemed according to law, and are sold at Special Commissioner's Sale, upon

confirmation of said Sale by this Court, pursuant to 735 ILCS 5/15-1509, the served Defendants and all persons claiming under them or any of them since the commencement of this suit be forever barred and foreclosed of and from all rights and equity and redemption or claim of, in and to said premises or any part thereof; that in case said property shall not have been specifically redeemed as provided by statute, then upon production to the Special Commissioner, or his successor or duly authorized Deputy, of said Certificate of Sale by the legal holder of such Certificate, along with an Order confirming said Sale, a good and sufficient Special Commissioner's Deed or other Judicial Sale Deed of conveyance of said premises shall be issued; that thereupon, the grantee or grantees in such Deed, or his or her legal representative or assigns, be let into possession of said premises; in default of so doing, an Order of Possession shall be provided in the Order confirming said Sale.

THE PREMISES by the Decree authorized to be sold are situated in the County of Randolph, State of Illinois, and are described as follows:

> LOT 22 IN BLOCK 7 IN CRESCENT LAKE SUBDIVISION IN THE VILLAGE OF STEELEVILLE, RANDOLPH COUNTY, ILLINOIS AS SHOWN BY PLAT FILED FOR RECORD ON DECEMBER 9, 1964 AND RECORDED IN VOLUME "I" OF PLATS OF PAGE 4 IN THE RECORDER'S OFFICE, RANDOLPH COUNTY, ILLINOIS.
>
> SUBJECT TO BUILDING LINES AND UTILITY EASEMENTS AS SHOWN ON THE PLAT OF SAID SUBDIVISION.
>
> SUBJECT TO COVENANTS AND RESTRICTIONS DATED OCTOBER 31, 1964 AND RECORDED IN DECEMBER 9, 1964 IN BOOK 212 AT PAGE 1140, RECORDER'S OFFICE, RANDOLPH COUNTY, ILLINOIS.
>
> SAID CONVEYANCE IS FURTHER SUBJECT TO ALL RESTRICTIONS, EASEMENTS AND COVENANTS OF RECORD OR DISCLOSED BY INSPECTIONS AND THE LIEN OF THE 2004 AND SUBSEQUENT REAL ESTATE TAXES.
>
> THE PREPARER OF THIS DEED HAS MADE NO INVESTIGATION CONCERNING ANY POSSIBLE VIOLATIONS OF ANY ENVIRONMENTAL LAWS OR REGULATIONS INCLUDING, BUT NOT LIMITED TO, THE ILLINOIS RESPONSIBLE TRANSFER ACT AND ACCEPTS NO LIABILITY FOR ANY VIOLATIONS.

and is commonly known as 610 HILLANDALE DRIVE, STEELEVILLE, IL 62288. The Permanent Tax Number is 17-069-014-00.

THE COURT expressly retains jurisdiction of the property which is the subject of this foreclosure for the entire period of redemption and Sale, and for so long thereafter as may be necessary for the purpose of placing in possession of the premises the grantee or grantees in said Judicial Sale Deed, or his or their legal representatives or assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises or satisfy any deficiency which may be found due to the Plaintiff.

IT IS SO ORDERED.

DATED: March 4, 2013

s/J. Phil Gilbert
HON. J. PHIL GILBERT
UNITED STATES DISTRICT COURT JUDGE