IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-7;<br><br>    Plaintiff,<br><br>    vs.<br><br>CARLA J. MCSMITH; ROBERT D. MCSMITH; STATE OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; UNITED STATES OF AMERICA; US BANK NATIONAL ASSOCIATION, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-DL1; BENEFICIAL ILLINOIS, INC. d/b/a Beneficial Mortgage Company of Illinois; CITIBANK (SOUTH DAKOTA), N.A.; UNKNOWN TENANTS; and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>    Defendants. | Case No. 3:11-CV-972-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiff's motion to vacate the March 4, 2013, judgment of foreclosure and November 15, 2017, sale of the foreclosed property and to dismiss this foreclosure action without prejudice (Doc. 54). No party has responded to the motion.

The Court construes the plaintiff's request to vacate as pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b) allows the Court to vacate a judgment for six reasons, the last of which is for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply. *Id.* However, relief under Rule 60(b)(6) is

available only in extraordinary circumstances, including where there is a risk of injustice to the parties or a risk of undermining public confidence in the judicial process. *Buck v. Davis*, 137 S. Ct. 759, 778 (2017); *Pearson*, 893 F.3d at 984. A motion under Rule 60(b) must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). Because the first five reasons under Rule 60(b) do not apply, the Court turns to the sixth—"any other reason that justifies relief."

The Court noted in a September 10, 2019, order its concerns about whether justice was done in the sale of the subject property,. *See* 735 ILCS § 5/15-1508(b)(iv). It noted the extraordinarily long time between the initiation of this lawsuit in October 2011, entry of judgment in March 2013, the sale of the property in November 2017, and the request to approve the report of sale in September 2019. One consequence of this delay was that nearly half of the deficiency sought was attributable to the accrual of interest in the four years and eight months between entry of judgment and the sale of the property. In light of these concerns and the plaintiff's unopposed request to vacate the judgment and sale in response to the Court's concerns, extraordinary circumstances exist justifying relief from judgment. Accordingly, the Court will grant the plaintiff's motion to vacate the foreclosure action pursuant to Rule 60(b)(6) (Doc. 54), vacate the Judgment of Foreclosure and Order of Sale (Doc. 44), and deny the motion for an order to approve the Report of Sale (Doc. 51).

Furthermore, the Court construes the plaintiff's request to dismiss this action as pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal of an entire case signed by all the parties. In light of the lack of any objection to the plaintiff's motion, the Court will grant the plaintiff's motion to dismiss (Doc. 54) and will dismiss this action without prejudice.

For the foregoing reasons, the Court:

- **GRANTS** the plaintiff's motion to vacate the March 4, 2013, judgment of foreclosure and November 15, 2017, sale of the foreclosed property and to dismiss this foreclosure action without prejudice (Doc. 54);

- **VACATES** the March 4, 2013, Judgment of Foreclosure and Order of Sale (Doc. 44) and the subsequent sale pursuant to that order;

- **DENIES** the motion for an order to approve the Report of Sale (Doc. 51);

- **DISMISSES** this case **without prejudice**; and

- **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED**.
**Dated: November 5, 2019**

s/ J. Phil Gilbert
**DISTRICT JUDGE**
**J. PHIL GILBERT**